# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE M. BRASS,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:13-cv-02020-GMN-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on petitioner's motion for the appointment of counsel. (ECF No. 8).

    Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel in a habeas corpus action when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

    In the instant case, petitioner was convicted of first-degree murder and other crimes in state court, and he is serving a life sentence in the Nevada Department of Corrections. Petitioner asserts that he is unable to understand the complexities of this case, and that a fellow inmate assisted him with preparing the petition. The petition on file with this Court includes many claims, the contents

of which suggest that this may be a relatively complex case. In the interests of justice, the Court grants petitioner's motion for the appointment of counsel.

Therefore, the Federal Public Defender for the District of Nevada (FPD) shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

**IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 8) is **GRANTED**. The Federal Public Defender is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ELECTRONICALLY SERVE** the Federal Public Defender for the District of Nevada (FPD) a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 7). The FPD shall have **thirty (30) days** from the date of entry of this order to undertake direct representation of petitioner or to indicate to the Court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL SEND** a copy of this order to the CJA Coordinator.

**IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of a first amended petition.

**IT IS FURTHER ORDERED** that respondents' motion for an extension of time to respond to the petition (ECF No. 11) is **GRANTED.** The deadline for responding to the amended petition will be set forth in the Court's scheduling order.

DATED this 1st day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court