UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE BRASS,<br><br>                Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>                Respondents. | Case No. 2:13-cv-02020-GMN-VCF<br><br>ORDER |

This counseled habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss (ECF No. 72). Petitioner has opposed (ECF No. 78), and respondents have replied (ECF No. 81).

**Background**

Petitioner in this action challenges his state court conviction pursuant to a jury trial of one count of murder with use of a deadly weapon, two counts of attempted murder with use of a deadly weapon, one count of conspiracy to commit robbery, one count of robbery with use of a deadly weapon, and two counts of attempted robbery with use of a deadly weapon. (Ex. 63).[1]

Petitioner was initially charged with several crimes in connection with an incident on September 22, 2006, in which four men robbed and attempted to rob a group of men at gunpoint, killing one. (Ex. 2). More than two years later, petitioner was charged with several crimes in connection with an incident that took place on September 15, 2006, in which three men robbed

---

[1] The exhibits cited in this order, which comprise the relevant state court record, are located at ECF Nos. 26-40, 73 & 83.

1

and attempted to rob another group of men at gunpoint, killing one. (Ex. 40). On the State's motion, the trial court joined the two indictments into one trial. (Ex. 45). Petitioner initially entered a plea of guilty to two counts of robbery with use a deadly weapon, but later moved to withdraw the plea. (Exs. 23 & 28). The trial court granted petitioner's motion. (Ex. 30).

Following a jury trial, petitioner was convicted of all charges related to the September 22, 2006, incident and acquitted of all charges related to the September 15, 2006, incident. (Ex. 58). Judgment of conviction was entered on December 30, 2009. (Ex. 63). Petitioner appealed. (Exs. 64 & 68). The Nevada Supreme Court affirmed. (Ex. 72).

Petitioner then filed a state court petition for writ of habeas corpus. (Ex. 75). Appointed counsel filed a supplement to the petition. (Ex. 88). The trial court denied the petition (Ex. 113), and the Nevada Supreme Court affirmed (Ex. 101).

On October 28, 2013, petitioner filed his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Appointed counsel thereafter filed the first amended petition (ECF No. 24), which is the operative petition in this case.

On September 18, 2015, petitioner filed a second petition for writ of habeas corpus in state court. (Ex. 108). The trial court denied the petition as procedurally barred. (Ex. 110). The Nevada Court of Appeals affirmed. (Ex. 112).

Respondents have now moved to dismiss several grounds of the petition as non-cognizable, unexhausted, untimely and/or procedurally defaulted.

**Cognizability**

Respondents argue that Grounds One, Two, Five and Nine are not cognizable on federal habeas review.

Respondents argue that petitioner raised Grounds One, Two and Five only as issues of state law in the state courts and therefore cannot now state a federal habeas claim. The Court is not persuaded. First, as will be discussed below, petitioner raised Grounds One, Two and Five as federal constitutional violations in the state courts. Second, whatever arguments petitioner made

in state court are irrelevant for purposes of determining whether a claim is cognizable in federal court. The only relevant question is what petitioner has claimed in his federal habeas petition.[2]

Review of the petition reflects that Grounds One, Two and Five all raise cognizable federal claims. In Ground One, petitioner asserts that the trial court improperly admitted a .38 revolver in violation of his Fifth, Sixth and Fourteenth Amendment rights to a fair trial and due process. (ECF No. 24 at 16-17). In Ground Two, petitioner asserts that his Fifth, Sixth and Fourteenth Amendment rights to due process and a fair trial were violated by the joinder of the two incidents for trial. (*Id.* at 17). And in Ground Five, petitioner asserts that his Fifth, Sixth and Fourteenth Amendment rights to a fair trial and due process were violated when the trial court denied his theory of defense instruction, gave instead a "mere presence" instruction, and then gave other instructions that contradicted the mere presence instruction. (*Id.* at 21-23). The motion to dismiss Grounds One, Two and Five on the grounds they are not cognizable will therefore be denied.

Ground Nine asserts a claim of ineffective assistance of post-conviction counsel. "[T]here is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective assistance of counsel claim." *Martinez v. Schriro*, 623 F.3d 731, 739–40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Contrary to petitioner's assertion, *Martinez* did not create a freestanding claim based on ineffective assistance of post-conviction counsel. *See Martinez*, 566 U.S. at 14-16; *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1262–63 (11th Cir. 2014). Respondents are therefore correct that Ground Nine does not state a cognizable habeas claim. Ground Nine will therefore be dismissed with prejudice.

/

---

[2] The Court recognizes that petitioner still cites some state laws in his federal habeas petition. However, to be clear, in the context of petitioner's due process and fair trial claim, the question will not be whether any violations of state law occurred but rather whether whatever occurred rendered the trial so fundamentally unfair so as to be a violation of due process.

3

**Exhaustion**

Respondents argue that Grounds One, Two and Five are unexhausted because petitioner never asserted them as federal claims in state court.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Petitioner raised the factual predicate of Ground One, Two and Five in his direct appeal, but he asserted only that they violated his "constitutional rights to due process and a fair trial." (Ex. 68). There was no indication that petitioner was stating a federal claim.[3] Petitioner's direct appeal therefore failed to exhaust Grounds One, Two and Five.

Petitioner again raised the factual predicates of Grounds One, Two and Five in his *pro se* habeas petition, this time in an explicit attempt to federalize them. (*See* ECF No. 75 at 6). He

---

[3] While petitioner cited several state court cases in connection with Grounds Two and Five, some of which directly or indirectly cited federal court cases, there was no indication in the state court briefs that they were being cited for their discussion of a federal constitutional claim. The mere citation to state court cases that trace back (in some cases through several cases) to a federal case is insufficient to fairly present the claim as a federal issue. *See Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014) ("[C]itation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue . . . [f]or a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where … the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.").

4

argued, with respect to each ground, that his Sixth and Fourteenth Amendment rights were violated "due to ineffective assistance of counsel, denial of a fair trial and denial of due process." (*See id.* at 7-10). Petitioner was clear that he was asserting both ineffective assistance of counsel and the "substantive underlying constitutional claim which Trial and Appellate Counsel failed to raise or address in prior proceedings" in connection with each Ground.[4] (*Id.* at 6). Petitioner's counseled supplemental brief also addressed the claim in Ground One, arguing that it violated his state and federal constitutional rights to due process and a fair trial. (Ex. 88 at 7-8). The trial court rejected the substantive claims on the grounds that they had been raised and decided on direct appeal and therefore were subject to the law of the case doctrine. (Ex. 113 at 4-5).

The Nevada Supreme Court addressed the substantive claim asserted in Ground One, rejecting it, as the trial court did, under the law of the case doctrine, but did not address the substantive claims in Grounds Two and Five. This silence, however, does not render Grounds Two and Five unexhausted because the petitioner otherwise fairly presented these claims to the state's highest court. The Court finds that Grounds One, Two and Five have been sufficiently exhausted by way of the petitioner's first state habeas petition. The motion to dismiss these claims as unexhausted will therefore be denied.

**Timeliness**

The one-year limitation period for § 2254 petitions begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[5] 28 U.S.C. § 2244(d)(1)(A). A claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the claim relates back to a timely filed claim pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not

---

[4] Respondents' argument that these claims were raised only as ineffective assistance of counsel claims is therefore entirely unpersuasive.

[5] The statute of limitations may also begin to run from other events, § 2244(d), but petitioner does not claim that any of those provisions apply in his case.

5

arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5.

Respondents argue that Ground Eight is untimely because it was filed after the expiration of the one-year statute of limitations and does not otherwise relate back to the claims in the timely filed initial petition. Petitioner appears to concede that Ground Eight is timely only if it relates back.

In Ground Eight, petitioner asserts that his trial counsel failed to investigate and erroneously advised him in relation to the plea agreement, which violated his right to effective assistance of counsel and due process of law under the Fifth, Sixth and Fourteenth Amendments.[6] (ECF No. 24 at 34). Specifically, petitioner asserts that counsel failed to advise him as to the penalties he would face if convicted at trial or that he could be found guilty under the felony murder rule. The original, timely petition in this case alleged that trial counsel was ineffective for encouraging petitioner to withdraw his guilty plea and that this was "bad advice." (ECF No. 7 at 30-31). It alleged further that counsel led petitioner to believe that withdrawing his plea would be in his best interest and that he would not be found guilty at trial.

The Court does not, as respondents do, read Ground Eight as pertaining to trial counsel's conduct *after* the plea was withdrawn (as opposed to the original petition, which respondents read as pertaining to counsel's conduct before the withdrawal). Both the original petition and the amended petition assert claims that trial counsel inadequately advised petitioner with respect to

---

[6] There are no allegations of counsel's "failure to investigate" apart from the alleged failings having to do with withdrawal of the plea agreement.

6

whether to withdraw his plea and both thus necessarily pertain to counsel's conduct before the plea was withdrawn. The Court concludes that Ground Eight of the amended petition is based upon a common core of operative fact with the original petition. While Ground Eight contains additional factual detail not included in the original petition, the substance of those facts is more or less suggested in the original petition. Ground Eight therefore relates back to the timely filed original petition, and the motion to dismiss Ground Eight as untimely will bel denied.

**Procedural Default**

A federal court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the

errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Respondents argue that Grounds Four and Eight are procedurally defaulted.[7]

A. Ground Four

In Ground Four, petitioner asserts that the trial court improperly granted his motion to withdraw his guilty plea and thereby violated his Fifth, Sixth and Fourteenth Amendment rights. Petitioner did not raise this claim on direct appeal but did raise it in his first state habeas petition. (See Ex. 88 at 6). The state courts found the claim procedurally barred pursuant to Nev. Rev. Stat. § 34.810(1)(b)(2) because it could have been, but was not, raised on direct appeal. (Ex. 101 at 7 n.2).

Petitioner concedes that Ground Four has been procedurally defaulted and that he cannot show cause for the default. Accordingly, Ground Four will be dismissed with prejudice.

B. Ground Eight

As just discussed, Ground Eight asserts that trial counsel failed to investigate and erroneously advised petitioner in relation to the plea agreement, which violated petitioner's right to effective assistance of counsel and due process of law under the Fifth, Sixth and Fourteenth Amendments. (ECF No. 24 at 34). Respondents argue that petitioner did not raise the claim in Ground Eight until his second state habeas petition, which was denied as procedurally barred pursuant to Nev. Rev. Stat. § 34.726 and § 34.810. Petitioner argues that the state courts considered the claim as having been raised in the first state habeas petition, and therefore it is not procedurally defaulted.

In its order on the petitioner's second state habeas petition, the trial court noted that while no claim of ineffective assistance of counsel related to the guilty plea withdrawal had been raised in the first petition, it was framed that way at the evidentiary hearing and the trial court considered

---

[7] Respondents also argue that Ground Nine is procedurally defaulted, but as Ground Nine fails to state a cognizable habeas claim, this contention is unnecessary to address.

8

and rejected the claim in its order on the first state habeas petition. (*See* Ex. 110 at 6). The trial court also indicated that the Nevada Supreme Court, on appeal of that order, held that petitioner had failed to demonstrate ineffective assistance of counsel based on the guilty plea withdrawal. (*Id.*)

While the state trial court believed that it had already ruled on the petitioner's ineffective assistance of trial counsel claim, a review of the trial court's order indicates that it did not.[8] (*See* Ex. 113). Moreover, the Nevada Supreme Court did not rule on any claim that trial counsel was ineffective in connection with withdrawal of the guilty plea. Rather, the Nevada Supreme Court held that petitioner had not demonstrated that appellate counsel was ineffective for failing to raise the claim that the trial court had improperly granted the motion to withdraw. (Ex. 101 at 6-7). This is a fundamentally different claim from the claim petitioner asserts in Ground Eight. Accordingly, neither the trial court nor the Nevada Supreme Court ruled on the claim in Ground Eight in the context of the first state habeas petition. Where the claim was also not presented within the four corners of the *pro se* petition or its counseled supplement, the Court cannot conclude that the claim was fairly presented to the Nevada Supreme Court during petitioner's first state habeas petition.

Petitioner did raise the claim in his second state habeas petition. It was, in fact, the only claim raised in that petition. (Ex. 108). The state courts found the second petition procedurally barred as untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810. The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

---

[8] The trial court indicated in its order that it had classified the claim regarding withdrawal of the guilty plea as an ineffective assistance of counsel claim, citing to page 8 of its order on the first habeas petition. However, on page 8, the trial court classified petitioner's grounds 1 through 4 as ineffective assistance of counsel claims. Grounds 1 through 4 did not contain any claim regarding withdrawal of the guilty plea. The order does not anywhere else address a claim that trial counsel was ineffective for advising petitioner to withdraw his plea.

9

Thus, in order for petitioner to proceed on his claim in Ground Eight, he must show cause and prejudice for the default.

Petitioner argues that his claim was not available until after he filed his first state habeas petition because it is based on subsequent U.S. Supreme Court decisions, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). Petitioner further argues that he can establish cause based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) because post-conviction counsel rendered ineffective assistance by failing to raise this claim in initial state court collateral review proceedings.

Because petitioner's argument regarding cause is intertwined with the merits of the case, the Court defers consideration of his cause and prejudice argument until the time of the merits determination. The motion to dismiss Ground Eight as procedurally defaulted will therefore be denied without prejudice, to renew as part of the answer to the petition.

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' renewed motion to dismiss (ECF No. 72) is GRANTED IN PART and DENIED IN PART as follows:

1. The motion to dismiss Ground Nine as non-cognizable is GRANTED;
2. The motion to dismiss Ground Four as procedurally defaulted is GRANTED;
3. The motion to dismiss Grounds One, Two and Five as unexhausted is DENIED;
4. The motion to dismiss Ground Eight as untimely is DENIED;
5. The motion to dismiss Ground Eight as procedurally defaulted is DENIED WITHOUT PREJUDICE to renew as part of the answer. The Court will defer consideration of petitioner's cause and prejudice argument until the time of its merits determination.

IT IS FURTHER ORDERED that respondents file an answer to all remaining claims in the petition within thirty (30) days of the date of this order. The answer must include substantive arguments on the merits as to each remaining ground in the petition, as well as any renewed argument as to the procedural default of Ground Eight. In filing the answer, respondents must

comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that petitioner may file a reply within thirty (30) days of service of an answer.

IT IS FURTHER ORDERED that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

IT IS FURTHER ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the Reno Clerk's Office.

IT IS SO ORDERED.

DATED THIS  24  day of     May    , 2018.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE